**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **STACI HIX-HERNANDEZ,** | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | **CIVIL NO. 1:20-CV-00029-RP** |
| **FORD MOTOR COMPANY,** | § | |
| *Defendant* | § | |
| | § | |

## ORDER

Now before the Court is Defendant Ford Motor Company's Motion for Reconsideration, filed June 14, 2022 (Dkt. 64). Plaintiff Staci Hix-Hernandez did not file a response.

Ford asks the Court to reconsider an order issued May 31, 2022, granting in part and denying in part Ford's Opposed Motion for Protective Order Regarding Depositions of Ford's Experts Jennifer Buckman and Michelle Vogler (Dkt. 54). Specifically, the undersigned Magistrate Judge granted Ford's request to have the depositions of Vogler and Buckman, a testifying expert witness and Ford's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), conducted in the Detroit, Michigan area, but denied Ford's request that Buckman's deposition occur by remote videoconference. Dkt. 61 at 8.

Ford contends that circumstances have changed since it filed its motion for protective order on May 2, 2022: "Given the new surge in COVID cases and the increased risk of exposure, Ford urges reconsideration of the in-person deposition requirement and requests remote deposition videoconferencing for Jennifer Buckman in compliance with Ford's internal policies and to protect Buckman's health and safety." Dkt. 64 at 3.[1]

---

[1] Ford cites several websites, but merely providing a URL or internet link is insufficient to make the underlying evidence of record.

Ford also submits evidence that, due to the rise in COVID-19 cases, it issued a new policy on May 17, 2022 requiring face masks at all Ford facilities in southeast Michigan. *Id.* & Dkt. 64-1. Ford argues that it would be prejudiced "if the deposition proceeds in-person and Buckman is masked during her testimony." *Id.* at 10. Ford contends that testifying while masked would compromise Buckman's testimony, and that "the jury will be hampered in its ability to fully assess and consider her testimony." *Id.* The Court agrees. In view of Ford's recently issued mask requirement, and in the interests of justice, the Court **GRANTS** Defendant Ford Motor Company's Motion for Reconsideration (Dkt. 64) to the extent that Buckman's deposition may be conducted remotely via videoconferencing.

The Court concludes with two cautionary notes. First, this Order addresses only the narrow issues now before the Court. With reasonable precautions such as testing, numerous in-person court proceedings – including jury trials – have taken place safely in the Austin Division since COVID-19 vaccinations became widely available in the spring of 2021. The parties should not assume that the Court would order any future proceeding to occur remotely absent a showing of good cause.

Finally, both parties are urged to resolve logistical disputes without Court intervention and admonished of their obligation to attempt to resolve discovery issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding").

**SIGNED** on June 22, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE